UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANDREW VOLPE,

             Petitioner,

    -against-

THE PEOPLE OF THE STATE OF NEW YORK,

             Respondent.
-----------------------------------------------------------X

MEMORANDUM
AND ORDER

06-CV-5846 (ENV)



VITALIANO, United States District Judge.

        Petitioner Andrew Volpe, currently incarcerated at a Rikers Island jail, brings this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a Queens County conviction rendered on September 19, 2006. Petitioner's request to proceed *in forma pauperis* is granted. The petition, however, is dismissed for the reason set forth below.

## Discussion

        The Court received petitioner's application on October 24, 2006. As of the date of the filing of this petition, petitioner's appeal of his criminal conviction was still pending before the Appellate Division. See Petition, Exhibit "Notice of Appeal dated September 29, 2006." Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including the state court of last resort with discretionary review over its docket), thereby alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-366; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).